**Opinion issued June 25, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00309-CR

———————————

**HENRY EARL COSEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 599361**

---

## MEMORANDUM OPINION

A jury found appellant, Henry Earl Cosey, guilty of the offense of sexual assault and that he had been previously convicted of a felony offense, and it assessed his punishment at confinement for 30 years. We affirmed the trial court's judgment in an unpublished opinion. *See Cosey v. State*, No. 01-92-00852-CR,

1994 WL 388310 (Tex. App.—Houston [1st Dist.] July 28, 1994, pet. ref'd) (not designated for publication). Appellant then filed a post-conviction motion for forensic DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1) (West Supp. 2012). The trial court granted the motion. *See id.* art. 64.03(a), (c) (West Supp. 2012). Upon receiving the test results, the trial court found that the results were not favorable to appellant and it is not reasonably probable that appellant would not have been convicted had the results been available during the trial of the offense. *See id.* art. 64.04 (West Supp. 2012). Appellant timely filed a notice of appeal. *See id.* art. 64.05 (West 2006).

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant asserts that the trial court refused to call certain witnesses at the trial of the case and did not consider all of the evidence. He further asserts that he has been deprived of the right to read and possess political literature, has not been provided with necessary medical care, and has been threatened with punishment for taking legal action. Finally, he asserts that the search and seizure in his underlying case was unsupported by the evidence and he was compelled to give evidence against himself.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]   Attorney Bob Wicoff must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[1]   Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).